UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERENCE D. LEAVY et al.,<br>Plaintiffs,<br><br>v.<br><br>SHELDON NEELY et al.,<br>Defendants. | Case No. 25-11641<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER GRANTING DEFENDANTS' MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFFS (ECF NO. 15) AND STAYING CASE**

Defendants Sheldon Neely, Terence Green, Michael Tisdale, Officer J. Bryant, and Officer Jones (collectively, "defendants") filed a motion to disqualify counsel for plaintiffs. ECF No. 15. Defendants assert that Lawrence A. Katz ("Katz"), associated with Lento Law Group, P.C. operating out of New Jersey, may not appear before this court for the following reasons: (1) Lento Law Group, P.C. may not practice before this Court because its named member, Mr. Joseph D. Lento, was suspended from the practice of law by the Supreme Court of the Commonwealth of Pennsylvania; (2) Lawrence Katz is not a member of the State Bar of

Michigan; and (3) local counsel has not entered an appearance, in violation of E.D. Mich. LR 83.20(f)(1). *Id*.

Katz did not file a response to defendants' motion, and the Court issued an order for Katz to show cause why the motion to disqualify should not be granted. ECF No. 19. Katz filed a timely response to the order to show cause claiming: (1) the motion to disqualify is "procedurally improper and substantively unsupported;" (2) the Court should exercise its discretion and relieve him of the obligation to a engage local counsel; and (3) he is a member of good standing of the bar of the United States District Court for the Eastern District of Michigan and authorized to represent plaintiffs in this matter. ECF No. 21.

On November 7, 2025, defendants filed a notice of supplemental authority that included an order issued by the Honorable Matthew F. Leitman disqualifying Katz from practicing in the Eastern District of Michigan. ECF No. 24. In his order, Judge Leitman concluded that the Michigan rules of Professional Conduct – adopted by this court – and Michigan law preclude attorneys from the Lento Law Group, P.C. from practicing in Michigan Courts and in this court. ECF No. 24-1.

This Court once again ordered Katz to show cause why Defendants' motion to disqualify should not be granted since he had already been disqualified by another member of this bench. ECF No. 25. Katz filed a letter in response, claiming Judge Leitman's decision was "flawed" and "misguided," and that Katz no longer works for Lento Law Group, PC but is now employed by "LLG National." ECF No. 26, PageID.536. Defendants filed a reply to Katz's letter and provided documentation in support of their claim that LLG National is merely the alter ego to Lento Law Group. *See generally,* ECF No. 27. Indeed, the Court's own inquiry into the LLG National Law Group's website shows Joseph D. Lento as its founder and owner. *See* https://www.llgnational.com/about.

First, Katz's claim that Judge Leitman's ruling was flawed or misguided is unavailing, especially since Katz did not file a motion to reconsider or appeal the decision. Furthermore, Katz's assertion that his employment at LLG National is somehow unconnected to the Lento Law Group is plainly spurious.

Because Katz has not presented the Court with any argument or evidence that persuades it that Judge Leitman's interpretation of the

Michigan Rules of Professional Conduct is incorrect, the Court will grant defendants' motion.

Accordingly, **IT IS ORDERED** that defendants' motion to disqualify counsel for plaintiffs (ECF No. 15) is **GRANTED**. **IT IS FURTHER ORDERED** that this case is **STAYED** for **60 days** to provide plaintiffs with an opportunity to find new counsel who is not connected to the Lento Law Group or LLG National. Plaintiffs' new counsel must appear for a video status conference set for **April 21, 2026, at 10:00 a.m.** Plaintiffs **MUST** appear at the status conference if they are unable to retain new counsel. **Failure to appear either through counsel or in pro per may result in the dismissal of the complaint for failure to prosecute.**

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: February 20, 2026