UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| TERENCE D. LEAVY, et al. | : | |
| *Plaintiff,* | : | |
| vs. | : | CASE NO.: NO.: 25-cv-11641 |
| SHELDON NEELY, et al. | : | Honorable Shalina D. Kumar |
| Defendants. | : | Magistrate Judge Curtis Ivy, Jr. |

**APPLICATION OF HACH ROSE SCHIRRIPA & REHNS, LLP AND FRANK R. SCHIRRIPA FOR ORDER RELIEVING COMPLIANCE WITH LOCAL RULE 83.20(f)**

Hach Rose Schirripa & Rehns, LLP and Frank R. Schirripa through the undersigned counsel file the following Application of Hach Rose Schirripa & Rehns, LLP and Frank R. Schirripa for Order Relieving Compliance with Local Rule 83.20(f) averring as follows:

1.     Hach Rose Schirripa & Rehns, LLP ("HRSR") is a law firm headquartered in New York, New York, with offices in San Diego, California, with approximately 12 attorneys.

2.     Frank R. Schirripa ("Schirripa") is one of the founding partners of HRSR; is the head of HRSR's complex class action and civil litigation group. Schirripa is a member in good standing of the Bar of this Court – the United States District Court for the Eastern District of Michigan. Schirripa is also a member in good standing of the state bars of New York and New Jersey. In addition, Schirripa is a member in good standing of the bars of the United States District Courts for: the District of Colorado, the District of New Jersey and the Eastern and Southern Districts of New York.  Schirripa has practiced complex class action and civil litigation

in these courts and in other courts through the country where he has been admitted on a pro hac vice basis. Schirripa has never been subjected to any disciplinary proceedings in any form and has always personally appeared when either he or his client has been required to do so by any court.

3.      HRSR and Schirripa have been plaintiffs in this action because of their experience in representing victims of civil rights and discrimination actions, such as these. HRSR and Schirripa has served as counsel in such actions, throughout the country over the past two decades. This experience allows HRSR and Mr. Schirripa to provide cost effective representation to their clients, given their high level of familiarity with the law at issue.

4.      HRSR and Schirripa are aware of Local Rule 83.20 of the Federal Rules of Civil Procedure governing cases in this District. Such rule states in its pertinent part that:

"Any member of the bar of this court who is not an active member of the State Bar of Michigan must not appear as attorney of record in any case without specifying on the record, as local counsel, a member of the bar of this court having an office within the district upon whom service of all papers may be made. Such local counsel must enter an appearance in the case and must have both the authority and responsibility for the conduct of the case should out of-town counsel not respond to any order of the court for appearance or otherwise. On application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel."

5.      HRSR and Schirripa believe this rule and its requirement that a local Michigan state licensed attorney be retained in each case, exists to ensure accountability by attorneys representing parties before this Court.

6.      Although Schirripa is not admitted to the Bar of Michigan, he is admitted to practice before this Court – the United States District Court for the Eastern District of Michigan. For that reason and the reason set forth below, HRSR and Schirripa believe that the policies sought to be protected by Local Rule 83.20 are, in fact, protected by the fact that HRSR and

Schirripa are counsel of record – even though Schirripa is not admitted to practice before the State Bar of Michigan.

7. To that end, HRSR and Schirripa seek relief from Local Rule 83.20, to the extent it requires the Plaintiffs to retain local Michigan state licensed counsel, for the following reasons: (a) Schirripa, the only attorney who will appear on behalf of the Defendants in the Adversary Proceedings, is a member in good standing of the bar of this Court – the United Sates District Court of Michigan. As a member, Schirripa would risk suffering severe repercussions if he failed to actively represent his clients in this case and to appear as required by the Court. First, any failure to participate and comply with rules in this proceeding would affect his ability to represent other clients in the other proceedings pending before this Court. Further, Schirripa anticipates representing clients before this Court for many years to come as they actively are involved in matters throughout the nation and specifically here in Michigan. Finally, to the extent Schirripa would be disciplined by this Court, such conduct could affect his good standing in the numerous other states and districts where he practices. It also could prevent him from being admitted on a pro hac vice basis in other states and districts. Given these facts the Court should feel confident that HRSR and Schirripa have substantial incentive (in addition to their general appreciation for the great importance for being responsible practitioners) to actively participate in this action and to comply with all court orders and appear when requested by the Court; and (b) HRSR and Schirripa believe they can economically resolve this action. Adding an additional layer of cost to the Plaintiffs in this action is unduly burdensome and actually may make resolution more difficult, as Plaintiffs certainly factor legal costs incurred to date into settlement negotiations. The Plaintiffs have already engaged competent counsel and have proceeded to, in most instances, analyze their damages and open dialog through Schirripa with opposing counsel.

HRSR and Schirripa believe that requiring Plaintiffs to engage new or additional counsel would add additional delay and expense.

8.      For these reasons HRSR and Schirripa request that the Court enter an order relieving HRSR and Schirripa and the Plaintiffs of the requirement under Local Rule 83.20 to engage local Michigan state licensed counsel in this action to the extent the Plaintiffs continue to engage HRSR.

WHEREFORE, HRSR and Schirripa request that the relief sought in this Application be granted.

Dated: April 13, 2026

Respectfully submitted,

By: */s/ Frank R. Schirripa*
Frank R. Schirripa, Esq.
N.Y. I.D. No. 4103750

**HACH ROSE SCHIRRIPA
& REHNS, LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
(T) 212-213-8311
*fschirripa@hrsrlaw.com*