UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERENCE D. LEAVY, et al.,

|  |  |  |
|---|---|---|
| | Plaintiffs, | Case No. 25-11641 |
| v. | | Honorable Shalina D. Kumar |
| | | Magistrate Judge Curtis Ivy, Jr. |
| SHELDON NEELY, et al., | | |
| | Defendants. | |

## ORDER DENYING APPLICATION FOR ORDER RELIEVING COMPLIANCE WITH LOCAL RULE 83.20(f) (ECF NO. 34)

This matter is before the Court on attorney Frank R. Schirripa's application[1] for relief from Eastern District of Michigan Local Rule 83.20(f)(1)'s requirement that he designate local counsel. ECF No. 34. Counsel for defendants filed a response in opposition. ECF No. 35. Local Rule 83.20(f)(1) requires that "[a] member of the bar of this court who appears as attorney of record in this district and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." E.D. Mich. LR 83.20(f)(1).

---

[1] Mr. Schirripa filed his initial application (ECF No. 32) on April 13, 2026. That same day, he filed an amended application. *See* ECF No. 34. The amended application is the operative one. Defendants filed responses in opposition to both applications.

Under that rule, "[l]ocal counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so." *Id.* Even so, "the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1).

"This Court requires strict compliance with E.D. Mich. L.R. 83.20(f)." *Crowley v. Liberty Life Assur. Co. of Boston*, 2014 WL 2999288, at *5 (E.D. Mich. July 3, 2014); *see also Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022) (citing cases). That is because "[t]he local-counsel requirement in Rule 83.20(f) serves several important purposes." *Simmons v. TransUnion LLC*, 2024 WL 2883656, at *1 (E.D. Mich. June 7, 2024). For instance, the local-counsel rule ensures "[p]hysical proximity and accessibility for case preparation events (e.g., depositions)," "ready availability to the court for conferences and hearings," and "familiarity with the Local Rules and the local legal culture." *Belle v. Sunbeam Prods., Inc.*, 2009 WL 3757059, at *1 (E.D. Mich. Nov. 9, 2009). "The ability of the court to easily monitor and govern the behavior of its attorneys is [also] not unimportant." *Id.* That said, the Court, at times, has relieved attorneys from

the requirement to obtain local counsel where good cause is shown. *See, e.g., Koenemann v. Marberry*, 2006 WL 1421527, (E.D. Mich. May 23, 2006)

Here, the Court finds that counsel for plaintiff(s)[2] has not shown good cause to waive the local counsel requirement. This Court adopted its local counsel rule after determining that the benefits of the rule outweighed the expense imposed upon parties to litigation. Among these benefits is the presence of an attorney from this district who is familiar with its local rules, customs, and practices. Although Mr. Schirripa styled his filing as an "application," it is essentially a motion for relief. The Court notes that the instant application was filed in violation of the local rules, which requires that motions be supported by a brief, and that counsel for a moving party seek concurrence in the relief requested before filing any motion. *See* E.D. Mich. LR. 7.1(a) & (c). Mr. Schirripa did not state whether he sought concurrence from opposing counsel.

---

[2] A review of the docket shows that Mr. Schirripa has filed an appearance on behalf of plaintiff Terence Leavy *only*. *See* ECF No. 30. However, his amended application indicates that he represents all named plaintiffs in this matter. *See* ECF No. 34, PageID.608.

Indeed, the Court anticipates that local counsel will be equipped to educate plaintiff's counsel on the local rules and practices of the Court, which are essential to orderly and expedient proceedings. More important, however, is having a lawyer that can respond promptly to court requests and be available on short notice to address case matters should the need arise. The Court requires that lawyers attend certain court proceedings in person, and local counsel facilitates that need, often at a savings to parties represented by lawyers who must travel great distances to be present. Finally, local counsel are often invested in the practice of law in this district and are responsive to court directives and orders in ways that single-case, out-of-district practitioners are not.

The unfamiliarity with the Court's rules and practices evidenced by the filing of this application supports enforcing the requirement to designate local counsel, rather than waiving it. Moreover, the Court finds it is prudent to enforce the requirement for designation of local counsel to ensure that a representative of the plaintiff's legal team will be able to promptly perform all duties and to attend all appearances that may be directed by the Court in the interest of facilitating the just, speedy, and inexpensive resolution of

this case. For these reasons, Mr. Schirripa must comply with the local rule-requirement and designate local counsel for plaintiff(s).

Accordingly, Mr. Schirripa's application (ECF No. 34) is **DENIED**. Plaintiff(s) **MUST** secure local counsel who is to file a Notice of Appearance **no later than May 8, 2026**. Additionally, Mr. Schirripa must file an Amended Notice of Appearance on behalf of all named plaintiffs as soon as practicable upon receipt of this order.

The Remote Status Conference currently scheduled for April 21, 2026, is hereby **ADJOURNED to May 12, 2026, at 11:00 a.m.** to allow counsel to comply with this order. If Mr. Schirripa is not representing all named plaintiffs, the remaining plaintiffs must appear at the re-noticed status conference if they are unable to retain new counsel.

**The Court once again warns that plaintiffs' failure to appear through counsel or in pro per may result in their claims being dismissed for failure to prosecute.** The stay is hereby extended to **May 12, 2026** or until further order from this Court.

**IT IS SO ORDERED**.

 s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: April 17, 2026